BL

WO

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | | |
|---|---|---|
| Jose R. Miranda, | ) | No. CV 05-2076-PHX-DGC (DKD) |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Maricopa County Board of Supervisors, et al., | ) | |
| Defendants. | ) | |

In this civil rights action brought by a *pro se* inmate, Defendants have moved to dismiss (Dkt. #9) for lack of exhaustion and for summary disposition (Dkt. #12). Plaintiff has failed to respond. After careful review of these pleadings and the record, the Court will grant Defendants' motions.

**A.   Background**

Plaintiff filed a civil rights action pursuant to 42 U.S.C. § 1983 alleging that Defendants Maricopa County Board of Supervisors, Joseph M. Arpaio, and Captain Peterson violated his constitutional rights due to (1) overcrowding, (2) unsanitary conditions, and (3) the food preparation facility (Dkt. #1). This Court ordered the Defendants to answer the Complaint, and they subsequently filed a Motion to Dismiss (Dkts. ## 5, 9). In the Motion to Dismiss, Defendants argue that Plaintiff failed to exhaust his administrative remedies (Dkt. #9). Attached to the motion was (1) an affidavit of Zelean Tademy, a Maricopa County Hearing Officer for inmate grievances and discipline and (2) the Maricopa County Inmate Grievance Procedures (Id.). Plaintiff failed to respond, and the Defendants subsequently filed a Motion to Summarily Grant the Motion to Dismiss (Dkt. #12).

**B.     Failure to Respond**

Local Rule of Civil Procedure 7.2(i) provides that if a party files a motion to dismiss, and this Court orders a response, and "the opposing party does not serve and file the required answering memoranda . . . such non-compliance may be deemed a consent to the . . . granting of the motion and the Court may dispose of the motion summarily." See also Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (providing that the district court did not abuse its discretion in summarily granting defendants' motion to dismiss pursuant to local rule where *pro se* plaintiff had time to respond to the motion but failed to do so).  Moreover, "[p]ursuant to Federal Rule of Civil Procedure 41(b), [this Court] may dismiss an action for failure to comply with any order of the [C]ourt." Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992).

After Defendants filed the Motion to Dismiss, Plaintiff was provided notice of that motion, was advised of his obligation to respond, and was informed that the failure to respond may "be deemed a consent to the . . . granting of the motion." (Dkt. #11)  Despite these warnings, Plaintiff has failed to respond to the Defendants' Motion to Dismiss. Accordingly, Plaintiff's failure to respond to the Motion to Dismiss will be construed as a consent to the granting of it.  However, out of an abundance of caution, the merits of Defendants' Motion to Dismiss will be addressed.

**C.     Legal Standard on Motion to Dismiss**

Pursuant to 42 U.S.C. § 1997e(a) of the Prison Litigation Reform Act, a prisoner may not bring a lawsuit with respect to prison conditions under 42 U.S.C. § 1983 unless all available administrative remedies are exhausted. See Roles v. Maddox, 439 F.3d 1016, 1017 (9th Cir. 2006).   Exhaustion is mandated "regardless of the relief offered through administrative procedures." Booth v. Churner, 532 U.S. 731, 741 (2001).  It is required in all inmate suits regarding prison life. Porter v. Nussle, 534 U.S. 516, 523 (2002).

"The defendants have the burden of raising and proving a prisoner's failure to exhaust under the PLRA." Ngo v. Woodford, 403 F.3d 620, 626 (9th Cir.), cert. granted, 126 S. Ct. 647 (2005).  The Court considers exhaustion as a matter of abatement in an unenumerated

1    Federal Rule of Civil Procedure 12(b) motion and "may look beyond the pleadings and

2    decide disputed issues of fact." <u>Wyatt v. Terhune</u>, 315 F.3d 1108, 1119-20 (9th Cir. 2003).

3    The Court has broad discretion as to the method to be used in resolving the factual dispute.

4    <u>Ritza v. Int'l Longshoremen's & Warehousemen's Union</u>, 837 F.2d 365, 369 (9th Cir. 1988).

5    The proper remedy when a "prisoner has not exhausted nonjudicial remedies . . . is dismissal

6    of the claim without prejudice." <u>Id.</u> at 1120; <u>see also</u> <u>Lira v. Herrera</u>, 427 F.3d 1164, 1170

7    (9th Cir. 2005).

8    **D.   Analysis**

9         According to the documents attached to the Motion to Dismiss, an inmate should seek

10   to resolve a conflict through the Maricopa County Jail System's Inmate Grievance

11   Procedures. Specifically, an inmate who wishes to file a grievance will be provided a

12   Grievance Form upon request, and must submit the form to a detention officer. The

13   unresolved grievance is forwarded to the shift Supervisor, and then to the Hearing Officer.

14   If the Hearing Officer is unable to resolve the grievance, the inmate may appeal his decision

15   to the jail commander, whose decision may be appealed to an External Referee. The External

16   Referee's decision is final. Tademy attested that Plaintiff has not filed any inmate grievances

17   as to the issues raised in his Complaint (Dkt. #9, exh. A).

18        Defendants have demonstrated that there exists a grievance system which was made

19   available to the Plaintiff. However, Plaintiff, failing to respond to the Motion to Dismiss, has

20   presented nothing to support a conclusion that he availed himself of that system. Plaintiff

21   stated in his Complaint that "detention officers tell me that my request does not warrant a

22   grievance" and "officers say this is not a grievance (sic) reason." However, Plaintiff's

23   allegation regarding statements that unknown and unnamed detention officers made at some

24   unknown time is insufficient to support an allegation that Plaintiff was "reliably informed"

25   that there were no available remedies. <u>Brown v. Valoff</u>, 422 F.3d 926, 934-35 (9th Cir.

26   2005). Accordingly, based on the evidence before this Court, Plaintiff failed to exhausted

27   his administrative remedies, and Defendants' motions to dismiss and for summary ruling will

28   be granted.

**IT IS ORDERED:**

(1) The reference to the Magistrate Judge is withdrawn as to Defendants' Motion for Summary Ruling (Dkt. #12).

(2) Defendants' Motions to Dismiss (Dkt. #9) and for Summary Ruling (Dkt. #12) are **granted**. Plaintiff's action is dismissed without prejudice for lack of exhaustion. The Clerk of Court shall enter a judgment of dismissal accordingly.

DATED this 13th day of June, 2006.

_____
David G. Campbell
United States District Judge